[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 23-13824

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

JOHN CHARLES ANDERSON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 8:22-cr-00054-KKM-UAM-1

_____

Before ROSENBAUM, ABUDU, and BLACK, Circuit Judges.

PER CURIAM:

John Anderson appeals his 144-month sentence for bank robbery involving assault with a deadly weapon. He contends the district court incorrectly calculated his Guidelines range of 78 to 97 months and his sentence is procedurally unreasonable. Specifically, Anderson asserts the district court erred in applying a sentencing enhancement for otherwise using a dangerous weapon, in declining to impose a reduction for acceptance of responsibility, and in calculating his criminal history score. He additionally contends his sentence is substantively unreasonable because the court failed to afford adequate weight to his personal history and characteristics, including his traumatic upbringing and mental health concerns. After review,[1] we affirm.

We will not address a disputed Guidelines determination when the sentencing court explicitly states that it would have imposed the same sentence under its 18 U.S.C. § 3553(a) authority regardless of the determination. *United States v. Keene*, 470 F.3d 1347, 1348-49 (11th Cir. 2006). When the sentencing court makes such a statement, we reduce the Guidelines range in accordance with the defendant's arguments and analyze whether the sentence would be

---

[1] We review the reasonableness of a sentence for an abuse of discretion. *United States v. Grushko*, 50 F.4th 1, 10 (11th Cir. 2022).

substantively reasonable under that alternative Guidelines range. *Id.* at 1349-50.

Because the district court stated on the record that, regardless of how it ruled on the objections by both parties, it would have imposed the same sentence, we can review Anderson's sentence for substantive reasonableness under the alternative Guidelines range. *See id.* If we take away the sentencing enhancement for otherwise using a dangerous weapon, add a reduction for acceptance of responsibility, and lower Anderson's criminal history score, Anderson's total offense level would be 22 and his criminal history score would be II. This results in a Guidelines range of 46 to 57 months. Thus, the question is whether, assuming a Guidelines range of 46 to 57 months, the district court's 144-month sentence is reasonable. *See id.*

In deciding whether a sentence is substantively reasonable, we look to the totality of the circumstances. *United States v. Grushko*, 50 F.4th 1, 19 (11th Cir. 2022). The sentence must be "sufficient, but not greater than necessary to comply with the purposes" set out in 18 U.S.C. § 3553(a), including the need to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, deter criminal conduct, and protect the public from the defendant's future criminal conduct. *See* 18 U.S.C. § 3553(a)(2). In imposing a particular sentence, the court must also consider the offense's nature and circumstances, the defendant's history and characteristics, the applicable Guidelines range, any pertinent policy statements from the Sentencing

Commission, the need to avoid unwarranted sentencing disparities between similarly situated defendants, and the need to provide restitution to the defendant's victims. *Id.* § 3553(a)(1), (3)-(7). A district court abuses its discretion and imposes a substantively unreasonable sentence if it (1) fails to consider "relevant factors that were due significant weight, (2) gives significant weight to an improper or irrelevant factor, or (3) commits a clear error of judgment in considering the proper factors." *United States v. Irey*, 612 F.3d 1160, 1189 (11th Cir. 2010) (*en banc*) (quotation marks omitted).

The district court did not abuse its discretion by imposing a 144-month sentence, even though it was an 87-month upward variance from the top of the assumed 46-to-57-month Guidelines range. *See Grushko*, 50 F.4th at 20 (stating where a district court imposes an upward variance based upon the § 3553(a) factors, it must have a justification compelling enough to support the degree of variance). The district court cited several § 3553(a) factors in explaining its sentence, including the seriousness of the offense conduct, the need to promote deterrence and protect the public, and Anderson's personal history and characteristics. The court also gave significant weight to Anderson's criminal history and his likelihood of recidivism, noting he committed the instant offense only weeks after his release from an 18-year sentence, and explaining that it may have weighed the factors differently if Anderson did not have a history of committing armed robberies.

Additionally, the district court made findings relevant to Anderson's personal history and characteristics, which Anderson now

argues were overlooked.  It recognized Anderson's difficult childhood and mental health issues and discussed them at length—weighing them against his likelihood of reoffending, the need to promote deterrence, the need to protect the public, and the seriousness of the offense.  Notably, while the district court was sympathetic to Anderson's mental health struggles, it recognized that his mental health issues made him more likely to reoffend and found his lack of control weighed in favor of a longer sentence.  The district court was permitted to find this factor to be aggravating rather than mitigating. *See United States v. Boone*, 97 F.4th 1331, 1343 (11th Cir. 2024) (holding it is within the district court's discretion to find a purported mitigating factor is aggravating).  The court specifically stated that, given Anderson's lack of impulse control and likelihood of reoffending, a lengthy sentence was the only way to protect the community and promote deterrence.  Though Anderson may disagree with the weight the district court ascribed the various factors and its explanation of reasons, the court was permitted to attach greater weight to the aggravating factors than to the mitigating factors. *See United States v. Kuhlman*, 711 F.3d 1321, 1327 (11th Cir. 2013) (stating the weight given to each factor lies within the district court's sound discretion).

The district court's extensive explanation of the factors and the sentence imposed was sufficiently compelling to justify an 87-month variance. *See Irey*, 612 F.3d at 1196 ("Although there is no proportionality principle in sentencing, a major variance does require a more significant justification than a minor one—the requirement is that the justification be sufficiently compelling to

support the degree of the variance." (quotation marks omitted)). Further, the ultimate sentence of 144 months falls well below the maximum penalty of 25 years' imprisonment, indicating reasonableness. 18 U.S.C. § 2113(a), (d); *United States v. Goldman*, 953 F.3d 1213, 1222 (11th Cir. 2020) (explaining one indicator of reasonableness is whether the sentence falls well below the maximum penalty). Because Anderson's sentence would be substantively reasonable at the lower Guidelines range, any potential error was harmless. *See Keene*, 470 F.3d at 1350. Accordingly, we affirm.

**AFFIRMED.**